NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1210

PENNYMAC LOAN SERVICES, LLC

vs.

PETER NATSIOS, trustee,[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Land Court judge granted the plaintiff's motion for summary judgment in a quiet title action on one of two issues submitted, and declared that the plaintiff had a valid mortgage on all four adjacent lots comprising the property at issue, despite a typographical error in part of the mortgage's property description referring to only one of the four lots. Defendant Peter Natsios, in his role as trustee of the 173 Kingsley Road Realty Trust (trustee), appeals, claiming that the intent of the parties to the mortgage was a disputed fact that should have been resolved at trial. We affirm.

---

[1] Of the 173 Kingsley Road Hull Realty Trust.
[2] Therese Marcel and Pilgrim Investors, LLC. Neither of those defendants has participated in this appeal.

Background.  The material, undisputed facts are as follows. In 2002, Therese Marcel purchased a residential property located at 173 Kingsley Road in Hull.  The recorded deed (2002 deed) conveyed to Marcel lots 222, 223, 224, and 225, as labeled in a previously recorded plan of the area.

In September 2009, Marcel took out a new loan on her property to refinance two existing loans, both of which were secured by mortgages encumbering all four lots.  In connection with the new loan, she granted a mortgage to a nominee of Bank of America, N.A. (2009 mortgage), which was later assigned to the plaintiff, PennyMac Loan Services, LLC (PennyMac).  The mortgaged property was identified as "173 Kingsley Road, Hull" and described in an attached property description as:  "All that parcel of land in township of Hull, Plymouth County . . . being shown as lots 225 through 225 inclusive being more fully described by deed in book 22171, page 187, filed on 05/30/2002" (emphasis added).  The deed referenced in the description is the 2002 deed to Marcel.

PennyMac foreclosed on the 2009 mortgage in 2018.  After selling the property to itself at auction, PennyMac entered into a purchase and sale agreement with the trustee.  In 2019, apparently having learned of the potential discrepancy between the 2009 mortgage and the 2002 deed, the trustee paid $1,000 to Marcel for a quitclaim deed purporting to convey lots 222, 223,

2

and 224.  The trustee then cancelled his purchase and sale agreement with PennyMac.

In response, PennyMac brought this suit seeking, among other remedies, either a declaration that the 2009 mortgage, as written, encumbered all four lots, or reformation of the 2009 mortgage based on the mutual mistake of the parties.  The judge ordered summary judgment for PennyMac on the former claim and dismissed the reformation claim as moot.[3]

Discussion.  We review the judge's grant of summary judgment de novo to determine whether the undisputed material facts, when viewed in the light most favorable to the trustee, entitle PennyMac to judgment as a matter of law.  See Miller v. Cotter, 448 Mass. 671, 676 (2007); Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  In this case, we agree with the judge that PennyMac was entitled to summary judgment based on the language of the 2009 mortgage alone.

"The basic principle governing the interpretation of deeds is that their meaning, derived from the presumed intent of the grantor, is to be ascertained from the words used in the written instrument, construed when necessary in the light of the

_____

[3] The judge ruled against PennyMac on the second issue submitted, concluding that PennyMac's 2018 foreclosure was ineffective because the notice of sale's property description did not put potential purchasers sufficiently on notice that all four lots were to be auctioned.  PennyMac has not cross-appealed from that portion of the judgment.

attendant circumstances."  Sheftel v. Lebel, 44 Mass. App. Ct. 175, 179 (1998).  Interpretation of a deed or similar conveyance presents an issue of law appropriate for summary judgment when, looking at the conveyance as a whole, the intent of the parties may be ascertained.  See Sullivan v. O'Connor, 81 Mass. App. Ct. 200, 204-205 (2012).

It is well settled that reference to a deed in a conveyance has "the same effect as if the entire description in that deed had been copied into each conveyance" unless the copied description would be "inconsistent" with a more particular grant in the conveyance.  Abbott v. Frazier, 240 Mass. 586, 593 (1922).  See Coogan v. Burling Mills, 124 Mass. 390, 393 (1878) ("[A]ll the deeds referred to must be taken into account in determining what is conveyed"); Foss v. Crisp, 20 Pick. 121, 123-124 (1838).  See also In re Adams, 462 B.R. 1, 5 n.28 (Bankr. D. Mass. 2011), citing Abbott, supra.  In each of those cases, a conveyance described land both in particular terms and by reference to a deed that described additional land; those descriptions were treated as not inconsistent, and the additional land was held to be included in the conveyance.  See

4

Abbott, supra at 593-594; Coogan, supra at 392-393; Foss, supra; Adams, supra.[4]

Here, we agree with the judge that the 2009 mortgage's reference to the 2002 deed is properly read to encumber all four lots conveyed in that deed.  The purported encumbrance of "lots 225 through 225 inclusive" in the 2009 mortgage's property description, although more specific than the grant in the referenced deed, is nevertheless not "inconsistent" with that deed, Abbott, 240 Mass. at 593, where no language in the property description excludes lots 222, 223, and 224.  See Adams, 462 B.R. at 5 ("Although the [d]eed's property description enlarges the [m]ortgage's property description . . ., the descriptions are not inconsistent, because both can be given effect at the same time -- they are not mutually exclusive").  Moreover, where the grant states that the mortgaged parcel was "more fully described" by the 2002 deed, we think it evident that the reference was "used in order to make sure that the whole estate of the grantors was covered."

---

[4] On appeal, the trustee cites In re Benton, 563 B.R. 113, 124 (Bankr. D. Mass. 2017) for the proposition that where a deed incorporates a recorded plan, the plan will control if inconsistent with the deed.  Passing over whether the case stands for such a proposition, we note that the trustee does not point to, nor do we see, any inconsistency between the 2009 mortgage (whether interpreted to encumber one lot or four) and the plan that it references, which depicts all four lots along with hundreds of others.

Coogan, 124 Mass. at 393.  See Foss, 20 Pick. at 124 (where

particular description omitted metes and bounds but deed

"referred to the records for the certainty of the description of

that part of the granted premises, . . . the reference [was] to

be considered as included in the conveyance").

Further, although the phrase "lots 225 through 225

inclusive" plainly includes some error, the phrase itself tells

us that that error is most likely in one of the lot numbers.

The phrase as a whole indicates that more than one lot was

intended (because otherwise the plural "lots" and the words

"through" and inclusive" would make no sense) and that more than

two lots were intended (because otherwise the description would

have said "lots X and Y" instead of using the words "through"

and "inclusive").[5]  That the mortgaged property description's

phrase "lots 225 through 225 inclusive" contains an error that

requires some interpretation does not render the entire property

description ambiguous.  Examination of the description as a

whole, including the deed it references, allowed the judge, and

---

[5] We are unpersuaded by the trustee's argument that the 2009
mortgage may reasonably be interpreted to refer merely to a
single "parcel."  To be sure, the 2002 deed, while describing
lots 224 and 225 by their metes and bounds and by reference to a
recorded plan, also refers to them as "Parcel 1," and it
similarly refers to lots 222 and 223 as "Parcel 2."  But the
2009 mortgage makes no reference to parcels one and two; instead
it refers to "lots . . . more fully described by" the 2002 deed
(emphasis added).

6

allows us, to determine that the mortgage encumbers all four lots.

The trustee nevertheless contends that the judge erroneously granted summary judgment where there was a factual dispute remaining (based on the 2019 quitclaim deed and a later affidavit signed by Marcel) over whether the reference to "lots 225 through 225 inclusive" in the 2009 mortgage was a mutual mistake of the parties. If reformation of the mortgage were necessary to resolve the interpretive problem in the description, PennyMac would have been required to show mutual mistake. As discussed, however, reformation of the mortgage was unnecessary, because the intent of the parties may be ascertained by examining the mortgage document and the deed that it incorporates.

<u>Judgment affirmed</u>.

By the Court (Milkey, Blake & Sacks, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  October 5, 2023.

---

[6] The panelists are listed in order of seniority.

7